Filed 7/7/14  P. v. Meza-Villagomez CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>OMAR MEZA-VILLAGOMEZ,<br><br>        Defendant and Appellant. | A140745<br><br>(San Mateo County<br>Super. Ct. No. SC079381) |

Defendant Omar Meza-Villagomez was sentenced to 16 months in prison and ordered to pay restitution to his victim following his plea of no contest under a plea agreement to attempted second-degree robbery, a serious felony.  (Pen. Code, §§ 212.5, subd. (c), 664, 1192.7, subd. (c)(39).)  His counsel has asked this court for an independent review of the record to determine whether there are any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We find no arguable issues and affirm.

Three men robbed a man on August 11, 2013, in Redwood City, and Meza-Villagomez was later identified as the person who took the victim's wallet containing $1,000.  Meza-Villagomez was initially charged with second-degree robbery.  His plea to the attempted second-degree robbery count was taken subject to a "*Harvey* waiver" (*People v. Harvey* (1979) 25 Cal.3d 754), meaning the trial court could consider the dismissed count for purposes of setting restitution.  (*People v. Hume* (2011) 196 Cal.App.4th 990, 996.)

At a restitution hearing, the victim testified that he had cashed a $2,082 student-loan check a few days before the robbery and kept $1,000 in cash in his wallet.  The trial

1

court found the victim to be credible and ordered Meza-Villagomez to pay the victim $1,000 in restitution.

As this appeal follows a plea of no contest, our review is limited to Meza-Villagomez's sentence or other matters occurring after his plea that do not affect its validity. (Cal. Rules of Court, rule 8.304(b).) No error appears in Meza-Villagomez's sentence, and the trial court did not abuse its discretion in setting the amount of victim restitution. (*People v. Holmberg* (2011) 195 Cal.App.4th 1310, 1320.)

There are no meritorious issues to be argued on appeal. The judgment is affirmed.


_____
Humes, J.


We concur:


_____
Ruvolo, P. J.


_____
Rivera, J.